**In re SKA! DESIGN, INC., Debtor.**

**No. 03–33351–SAF–11.**

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

March 2, 2004.

Alvin H. Badger, Dallas, TX, for 2811 McKinney Ltd.

Kay D. Brock, Assistant Attorney General, Austin, TX, for Texas Comptroller of Public Accounts.

Richard G. Dafoe, Vial, Hamilton, Koch & Knox, Dallas, TX, for Bank One, N.A.

Michael W. Deeds, Linebarger, Goggan, Blair et al., Dallas, TX, for Dallas County.

Edward C. Dolan, Hogan & Hartson, Washington, DC, for Bosnian Handicrafts.

Ernest W. Leonard, Friedman and Feiger, Dallas, TX, for SKA! Design, Inc.

Richard A. McKinney, Higier, Lautin, Foxman, et al., Addison, TX, for Venable Estate, Ltd.

Sidney H. Scheinberg, Goldberg and Alexander, Dallas, TX, for VK Trading Inc. d/b/a Victoria Kids Inc.

Steven P. Turner, McGinnis, Lochridge and Kilgore, Austin, TX, for ProLogis.

Elizabeth Weller, Linebarger, Goggan, Blair et al., Dallas, TX, for Dallas County.

## MEMORANDUM OPINION AND ORDER

STEVEN A. FELSENTHAL, Bankruptcy Judge.

On December 2, 2003, SKA! Design, Inc., the debtor, filed an objection to the claims of 2811 McKinney, Ltd. SKA! Design leased real property from 2811 McKinney. 2811 McKinney filed two proofs of claim: a pre-petition claim of

$82,671.88 based on a state court judgment for past due rent; and a post-petition lease rejection claim for $68,134.64 based on 11 U.S.C. § 502(b)(6)(A). On January 9, 2004, 2811 McKinney filed its response to the objection. The court held a hearing on the allowance of the claims on January 28, 2004.

The allowance of a claim against a bankruptcy estate constitutes a core matter over which this court has jurisdiction to enter a final order. 28 U.S.C. §§ 157(b)(2)(B) and 1334. This memorandum opinion contains the court's findings of fact and conclusions of law. Bankruptcy Rules 7052 and 9014.

■■■ Sections 501 and 502 of the Bankruptcy Code and Bankruptcy Rule 3001 provide that "a party correctly filing a proof of claim is deemed to have established a prima facie case against the debtor's assets." *In re Fid. Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir.1988). The claimant will prevail unless a party who objects to the proof of claim produces evidence to rebut the claim. *Id.* Upon production of this rebuttal evidence, the burden shifts to the claimant to prove its claim by a preponderance of the evidence. *Id.* Accordingly, 2811 McKinney's proof of claim as an unsecured claim is prima facie valid, unless SKA! Design produces evidence to rebut the presumption.

The parties presented their evidence on a joint stipulation of facts, which the court accepted.

SKA! Design vacated the premises on October 17, 2002. As a result, it contends that 2811 McKinney's claim should be calculated under § 502(b)(6)(A) from that date. The evidence of the date SKA! Design left the premises rebuts the prima facie validity of the claims, shifting the burden to 2811 McKinney.

Section 502(b)(6) provides:

[I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

(6) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds—

(A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of—

(i) the date of the filing of the petition; and

(ii) the date on which such lessor repossessed, or the lessee surrendered, the leased property; plus

(B) any unpaid rent due under such lease without acceleration, on the earlier of such dates[.]

11 U.S.C. §§ 502(b)(6)(A) and (b)(6)(B).

■■■ Under subsection (A), 2811 McKinney may have a rejection claim from the earlier of the date of the petition or the date the landlord repossessed or SKA! Design surrendered the leased property. Section 502(b)(6) provides for a claim for damages resulting from the "termination" of a lease. SKA! Design filed its petition for relief under Chapter 11 of the Bankruptcy Code on March 31, 2003. SKA! Design did not assume the lease. The lease was therefore deemed rejected sixty days after the petition had been filed. 11 U.S.C. § 365(d)(4). The rejection gives rise to a claim under § 502(b)(6).

■■ "[A] debtor's inaction in timely deciding to assume or reject a lease of nonresidential real property under § 365(d)(4), which leads to a deemed rejec-

tion, does not effect a termination of that lease, or, consequently, an implied forfeiture of the rights of third parties to the lease." *Eastover Bank for Savings v. Austin Dev't Co. (In re Austin Dev't Co.)*, 19 F.3d 1077, 1082 (5th Cir.1994). *See also In re Texas Health Enterprises, Inc.*, 255 B.R. 181, 184 (Bankr.E.D.Tex.2000) ("rejection of a lease and termination of a lease are two different things.").

■■ However, in the context of damages under § 502(b)(6), "the rejection of a lease under section 365 is equivalent to a termination by breach ...." Collier on Bankruptcy ¶ 502.03[7][b] (15th Ed. Rev. 2003). Further:

> Rejection by the debtor is a breach of each and every provision of the lease and is, for all practical purposes, a 'termination' by the debtor of the estate's obligation to perform. Whether the debtor's rejection is a 'termination' for all legal purposes under the Code is not what § 502 is specifically dealing with. Section 502 deals only with allowance by a landlord of a claim, if presented, against the bankruptcy estate. However, a clear majority of courts which have looked at the effect of rejection do conclude that it results in actual termination of the lease.

*In re Mr. Gatti's, Inc.*, 162 B.R. 1004 (Bankr.W.D.Tex.1994) (citations omitted).

The petition date is March 31, 2003. 2811 McKinney did not repossess the premises. But SKA! Design vacated the property on October 17, 2002. If SKA! Design surrendered the property, the surrender date would trigger the statutory formula.

■ Whether a lease had been terminated by a tenant's surrender of the leasehold property is a question of state law. In Texas, surrender of a leasehold interest means that a tenant yields the leasehold estate to the landlord so that the leasehold estate comes to an end by mutual agreement of the landlord and tenant. *Arrington v. Loveless*, 486 S.W.2d 604, 607 (Tex.Civ.App.-Fort Worth 1972, no writ). The landlord and tenant must mutually agree to surrender the lease. *Id.* The agreement may be expressed or implied. *Edward Bankers & Co. v. Spradlin*, 575 S.W.2d 585, 586–87 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). If the tenant vacates the premises and the landlord accepts possession, then an implied agreement to terminate the lease has been established. *Id.* at 585.

■ SKA! Design vacated the premises without 2811 McKinney's prior knowledge or consent. 2811 McKinney did not take possession of the premises. The premises have remained vacant. SKA! Design never issued a formal notification of the termination of the lease, nor did 2811 McKinney. 2811 McKinney filed a lawsuit in state court to recover past due rent. 2811 McKinney recovered a judgment of $82,671.88, covering "rent and charges accruing through March 31, 2003, plus attorney's fees, post-judgment interest and costs of [c]ourt." Pre–Petition Proof of Claim filed by 2811 McKinney, p. 2. Based on this evidence, 2811 McKinney did not agree that SKA! Design's vacation of the premises amounted to a surrender of the leasehold interest resulting in a termination of the lease. As a result, for purposes of § 502(b)(6)(A), the petition date is the earlier date for application of the formula.

2811 McKinney's post-petition lease rejection claim is allowed.

■ Under § 502(b)(6)(B), 2811 McKinney also may have a claim for unpaid rent due on the petition date. The state court judgment establishes that amount. The judgment reflects credit for

SKA! Design's security deposit. Therefore, 2811 McKinney's pre-petition rent due claim is allowed.

The parties and the court discussed whether allowing both claims would undermine the intent of § 506(b)(6). Under the facts and circumstances of this case, it does not. To the contrary, the statute authorizes both claims. Had the October 17, 2002, vacation of the premises amounted to a surrender under Texas law, the portion of the judgment reflecting rent due from October 2002 would have been subsumed by the formula of § 506(b)(6)(A). But because the petition date controls in this case, § 506(b)(6)(A) allows a rejection claim and § 506(b)(6)(B) allows a past due rent claim.

Based on the foregoing,

**IT IS ORDERED** that the objection of SKA! Design, Inc., to the claims of 2811 McKinney, Ltd., is **OVERRULED** and the claims are **ALLOWED**.